Ernesto ESCOBAR–ORTIZ, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–71691.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 13, 2008.

Manuel Rios, III, Stephanie Thorpe, Rios–Cantor, P.S., Attorneys at Law, Seattle, WA, for Petitioner.

Yamileth G. Handuber, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District, Esquire, Office of the District Counsel Department of Homeland Security, Seattle, WA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's order denying petitioner Ernesto

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Escobar Ortiz's applications for cancellation of removal and voluntary departure.

■ A review of the administrative record demonstrates that there is substantial evidence to support the BIA's decision that petitioner failed to establish continuous physical presence in the United States for a period of not less than ten years as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). The record contains a signed Notice of Rights and Request for Disposition issued in 2001 showing that petitioner waived his right to a hearing in immigration court and requested to depart the country. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir.2003).

Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

■ We also conclude that petitioner has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review with respect to the discretionary denial of cancellation of removal. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926 (9th Cir.2005); *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review in part for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**